IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| PAMELA COOPER, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV511-040 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR592-29) |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Pamela Cooper ("Cooper"), who is currently incarcerated at the Federal Correctional Institution in Marianna, Florida, filed a Motion to Vacate, Set Aside, or Correct her Sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response. For the reasons which follow, Cooper's Motion should be **DISMISSED**.

### STATEMENT OF THE CASE

Cooper was convicted in this Court, after a jury trial, of: conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1); and use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Cooper was sentenced to 480 months' imprisonment, which was later

modified to 295 months' imprisonment. (CV598-43, Doc. No. 6, pp. 1-2). Cooper filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed her conviction and sentence. United States v. Reese, 67 F.3d 902 (11th Cir. 1995).

Cooper filed a section 2255 motion, alleging that she did not use a firearm during the commission of her crime. The undersigned entered a Report and recommended Cooper's motion be dismissed as time-barred. (CV598-43, Doc. No. 6). The Honorable Anthony A. Alaimo adopted this recommendation as this opinion of the Court. (CV598-43, Doc. No. 10).

Cooper then filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582, which Judge Alaimo denied. (CR592-29, Doc. Nos. 802, 804). Cooper filed a second section 3582 motion, and it, too, was denied. (CR592-29, Doc. Nos. 892, 903).

In this Motion, Cooper contends that her sentence should be adjusted due to changes in the United States Sentencing Guidelines. Cooper also contends that this Court erred in denying her previously-filed § 3582 motions. Cooper alleges that she was denied her right to due process, as she was tried on charges not set forth in the indictment. Finally, Cooper alleges that she was denied her right to an appeal due to ineffective assistance of counsel. The Government avers that Cooper's Motion is a second or successive motion and should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333

2

F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010). The dismissal of a previous section 2255 as untimely "constitute[s] a dismissal with prejudice," requiring a movant to seek permission from the Eleventh Circuit to file a successive § 2255 motion. Id. (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)).

Cooper's first section 2255 motion was denied as being untimely, which requires Cooper to seek authorization from the Eleventh Circuit before filing the instant Motion. Cooper did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. Even if the Eleventh Circuit authorized her motion, it does not appear that Cooper would be entitled to her requested relief. Cooper has not set forth any assertions which fall within § 2255(h)'s requirements.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Cooper's Motion to Vacate, Set Aside, or Correct her Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 11th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)