IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| PAMELA COOPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: CV511-103 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pamela Cooper ("Cooper") filed a Motion for Hearing on Issue of Factual Dispute requesting this Court to grant a hearing concerning the validity of her 1993 conviction. Respondent filed a Response. For the reasons which follow, Cooper's Motion should be characterized as a motion filed pursuant to 28 U.S.C. § 2255 and should be **DISMISSED** as a successive § 2255 motion.

## STATEMENT OF THE CASE

Cooper was convicted in this Court in 1993 of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846; possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1); and use of a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c). (CV598-043, Doc. No. 6, pp. 1-2). Cooper filed a direct appeal, and the Court of Appeals for the Eleventh Circuit affirmed her conviction and sentence. United States v. Reese, 67 F.3d 902 (11th Cir. 1995).

AO 72A
(Rev. 8/82)

In 1998, Cooper filed a motion to vacate pursuant to § 2255. (CV598-043, Doc. No. 1). That motion was determined to be time-barred and was dismissed. (CV598-043, Docs. No. 6, 10). In May 2011, Cooper filed a second motion to vacate pursuant to § 2255. (CR592-029-7, Doc. No. 1047). That motion was determined to be barred by § 2255(h), relating to second or successive § 2255 motions, and was dismissed. (CR592-029-7, Docs. No. 1055, 1059).

Cooper filed the instant Motion for Hearing on Issue of Factual Dispute in September 2011. (CV511-103, Doc. No. 1). Cooper argues that she is entitled to an evidentiary hearing because the evidence presented at her criminal trial was insufficient to support her conviction of using a firearm during a drug trafficking offense. Respondent contends that Cooper's Motion should be recharacterized as a motion filed pursuant to § 2255. Respondent further contends that Cooper's Motion should be dismissed because it is a successive motion within the meaning of § 2255(h).

## DISCUSSION AND CITATION OF AUTHORITY

Federal courts may "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category . . . to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." Castro v. United States, 540 U.S. 375, 381–82 (2003) (citations omitted). Generally, a motion to vacate, set aside, or correct a sentence filed in the court of conviction pursuant to § 2255 is the proper method to be used by a prisoner seeking to collaterally attack his conviction or sentence. Darby v. Hawk-Sawyer, 405 F.3d 942, 944–45 (11th Cir. 2005) (citation omitted); 28 U.S.C. § 2255(a). Cooper's argument, that the evidence presented at her criminal trial was insufficient to

2

support her conviction of using a firearm during a drug trafficking offense, is clearly an attack on her conviction. Therefore, her claims fall within the ambit of § 2255, and her Motion should be characterized as a motion to vacate. This is Cooper's third § 2255 motion.

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). "Without authorization" from the court of appeals, a "district court lack[s] jurisdiction to consider [a movant's] second or successive" motion. Carter v. United States, 405 F. App'x 409, 410 (11th Cir. 2010). The dismissal of a previous § 2255 motion as untimely "constitute[s] a dismissal with prejudice," requiring a movant to seek permission from the Eleventh Circuit to file a successive § 2255 motion. Id. (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)).

Cooper's first § 2255 motion was denied as being untimely, which requires Cooper to seek authorization from the Eleventh Circuit before filing the instant motion. Cooper did not receive prior authorization from the Eleventh Circuit which would permit

3

this Court to exercise jurisdiction over this § 2255 motion. Even if the Eleventh Circuit authorized her motion, it does not appear that Cooper would be entitled to her requested relief.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Cooper's Motion for Hearing on Issue of Factual Dispute be characterized as a motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255. It is also my **RECOMMENDATION** that Cooper's Motion be **DISMISSED** as successive within the meaning of § 2255(h).

**SO REPORTED** and **RECOMMENDED**, this 27th day of October, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)